HALL *v.* BOARD OF DIRECTORS OF ST FRANCIS LEVEE DISTRICT.

Opinion delivered February 28, 1910.

LEVEES—TAX SALES—DESIGNATING NEWSPAPER.—Acts 1903, p. 108, providing for the enforcement of delinquent taxes due St. Francis Levee District, impliedly authorizes the clerk of the court to designate the particular newspaper published in the county in which the notice of the sale shall be published.

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

### STATEMENT BY THE COURT.

The Board of Directors of St. Francis Levee District commenced this action in the chancery court of the Chickasawba District, Mississippi County, to enforce a lien on certain lands for levee taxes. The attorney for the Levee District requested the clerk of the court to issue the warning order to the *Blytheville Herald,* a newspaper edited and published by Law-

horn. For reasons of his own, the clerk declined to comply with this request, but issued the warning order to the *Blytheville Courier,* a newspaper owned by Hall and published in Blytheville, with a *bona fide* circulation in the Chickasawba District. The *Courier* published the notice in the manner and for the length of time required by law. The *Herald* also published it, as the court found, at the request of the attorney for the plaintiff, but without the consent of the clerk. Hall had himself made a party to the proceeding, and asked that the fee for publication be taxed in his favor, but the court overruled his motion and declined to tax the printer's fee in his favor.

*J. T. Coston,* for appellant.

The levee act required the notice to be published "in some newspaper published in the county where the suit is pending." Acts 1903, § 3, p. 108. The court erred in its judicial amendment to the act, which pertains only to the legislative department. The ruling of the court was a violation of the statute.

*H. F. Roleson,* for appellee.

The publication in the *Herald* was a sufficient legal publication. Acts 1903, p. 108. The act is not mandatory, but merely directory. Black on Int. Laws, 339; 30 Ark. 31. Statutory requirements are deemed directory merely when they relate to some immaterial matter of convenience, rather than substance. 34 Ark. 491; 26 A. & E. Enc. of L. 689; 79 Am. Dec. 739.

Wood, J., (after stating the facts). The court erred in holding "that the attorney for the plaintiff had the right to designate the paper in which said publication should appear, and that therefore the publication of said notice in the *Blytheville Courier* ·without his consent and against his request was ·unlawful."

The law under which this proceeding was instituted does not prescribe that the notice in question shall be published in a newspaper "designated by the plaintiff's attorney."

The act providing for the enforcement of delinquent levee taxes by suit in the chancery court (Acts 1903, page 108), after providing that, in case the assessments are not paid, the Board of Directors shall enforce the same by chancery proceedings, and providing that all of the delinquent owners may be joined

in one action, and that the proceedings shall be *in rem,* continues as follows:

"And notice of pendency of such suit shall be given as against nonresidents of the county and unknown owners, respectively, when such suits may be pending, by publication weekly for four weeks prior to the day of the term of the court, on which final judgment may be entered for the sale of said lands, in some newspaper published in the county where such suits may be pending, which notice may be in the following form:

"Board of Directors
  St. Francis Levee District.
          *v.*                 Notice.
Delinquent Lands.

"The following named persons and corporations, and all others having or claiming an interest in any of the following described lands, are hereby notified that suit is pending in the chancery court of ———— County, Arkansas, to enforce the collection of certain levee taxes on the subjoined list of lands, each supposed owner's lands being set opposite his or her name, respectively, together with the amounts severally due from each, towit. Then shall follow a list of the supposed owners, with a descriptive list of said delinquent lands, and amounts due thereon respectively, as aforesaid; and said published notice may conclude in the following form: Said persons and corporations, and all others interested in said lands, are hereby notified that they are required by law to appear and make defense to said suits or the same will be taken for confessed and judgment final will be entered directing the sale of said lands for the purpose of collecting said delinquent levee taxes, together with the payment of interest, penalty and cost allowed by law.

"................................
                      "Clerk of said Court."

The form of the notice is prescribed by the statute, and this is to be signed by the "clerk of the court."

While the statute does not in express terms declare that the clerk of the court shall designate the newspaper or the newspapers published in the county in which the publication shall be made, it does, by the form of the notice, make it the duty of

the clerk to give the notice, and this by necessary implication gives him the power to designate the particular newspaper in which to make the publication. The law contemplates that the notice shall be given by the "clerk of the court," and not by the "attorney for the plaintiff." In giving the notice the clerk is acting for a public governmental agency of the State. *Carson v. St. Francis Levee District,* 59 Ark. 513. He is representing the public, and not a private individual. The statute, we think, designates him, rather than the attorney for the Levee District, as the agent to have the notice given by publication and to designate the particular paper published in the county in which the notice shall appear.

The judgment is therefore reversed with directions to tax the cost for publication in favor of appellant.

HART, J., dissents.